# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

GROUND CONNECTION, LLC                                                                                    PLAINTIFF

v.                                           No. 5:17CV00196 JLH

GROUND CONNECTION TECHNOLOGIES, LLC;
GROUND CONNECT, LLC; DENNIS SEAL;
and VINCENT HAZEN                                                                                       DEFENDANTS

## OPINION AND ORDER

Ground Connection, LLC, is an Arkansas company that entered into a business relationship with Ground Connection Technologies, LLC, which is a Texas company. The relationship centered on developing and selling Krinner products to the Texas Department of Transportation. Ground Connection alleges that it had an exclusive distribution agreement with Krinner Schraubfundamente. Dennis Seal and Vincent Hazen were members of Ground Connection Technologies. The plaintiff alleges that Seal and Hazen secretly formed Ground Connect, LLC, a Texas company, in order to steal the business Ground Connection and Ground Connection Technologies worked to obtain. The complaint alleges causes of action for civil conspiracy, tortious interference with a business expectancy and relationship, fraud, unlawful and unfair competition, unjust enrichment, and an unpaid debt. The defendants argue that this Court does not have specific jurisdiction over them and have moved to dismiss the complaint. *See* Fed. R. Civ. P. 12(b)(2). Alternatively, the defendants argue that this Court should abstain from exercising jurisdiction because a related action is pending in Texas state court. For the following reasons, the motion to dismiss is denied.

When a defendant challenges personal jurisdiction, the plaintiff bears the burden of establishing its existence. *Falkirk Min. Co. v. Japan Steel Works, Ltd.*, 906 F.2d 369, 373 (8th Cir. 1990). The burden is minimal and requires only that a plaintiff make a prima facie showing of

jurisdiction to defeat a 12(b)(2) motion to dismiss. *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 647 (8th Cir. 2003). This means that a plaintiff must state sufficient facts to support a reasonable inference that defendants may be subjected to jurisdiction in the forum state. *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004). In ruling on the defendants' motion to dismiss, this Court is not limited to consideration of the pleadings alone but can test the plaintiffs' prima facie showing by affidavits and exhibits presented with the motion and in opposition of the motion. *See id*.

The following statement of facts is taken from the pleadings, affidavits, and exhibits before the Court. These facts are construed in the light most favorable to the plaintiffs and all factual conflicts are resolved in favor of them. *Epps*, 327 F.3d at 647.

As described in the complaint, Ground Connection was the exclusive distributor of Krinner ground screws and other Krinner products. Document #12 ¶31. Ground Connection had its eye on the Texas Department of Transportation as a customer for the Krinner ground screws. *Id*. ¶¶32-33. In 2011, Ground Connection met with Dennis Seal and others in Pine Bluff, Arkansas, to discuss the business opportunity of selling screws to the Texas Department of Transportation. *Id.* ¶10. These discussions continued into 2012, and Seal and others formed Ground Connection Technologies in June 2012. *Id*. ¶¶12-13, 32. After Ground Connection Technologies was formed, the parties agreed that Ground Connection would be the vendor of Krinner products and Ground Connection Technologies would be the marketing entity. *Id*. ¶38. Together, these companies worked to develop and market a ground screw for use by the Texas Department of Transportation. *Id*. ¶¶10, 33-38.

Before the Texas Department of Transportation would buy the screws, Ground Connection

needed to become an approved vendor and the screw needed to go through Texas Transportation Institute testing. *Id*. ¶33. The Federal Highway Administration also needed to approve the screw. *Id.* Ground Connection spent thousands of dollars on this project, enlisting the assistance of structural and field engineers as well as developing expensive testing equipment needed for the approval process. *Id*. ¶¶33-34, 37.

Behind the scenes, though, Ground Connection says that Seal and Hazen conspired to cut Ground Connection out of the distribution chain. *Id*. ¶¶40-41. In August 2013, Seal and Hazen formed a new company in Texas—Ground Connect, LLC—but did not disclose this to Ground Connection. *Id*. ¶41. Ground Connect sought, and obtained, an exclusive distributorship agreement with Krinner and began efforts to win the Texas Department of Transportation business. *Id*. ¶¶40-41. In May 2016, the Texas Department of Transportation approved screw purchases from Seal and Hazen's Ground Connect business and not Ground Connection. *Id*. ¶42. Even after this, Seal and Hazen continued communicating with Ground Connection under the pretenses of the original business plan and did not disclose their independent scheming. *Id*. ¶¶41, 43.

The Texas Department of Transportation later placed a small order with Ground Connection. *Id*. ¶44. Ground Connection was able to fulfill this order with existing inventory. *Id.* When another larger order was placed, however, Ground Connection attempted to order screws from Krinner. *Id.* Krinner has not responded to Ground Connection's order, and Seal and Hazen's Ground Connect filed suit in a Texas state court alleging tortious interference. *Id.* That suit is also seeking a declaration on the exclusive distributorship agreements both parties have with Krinner. *Id*.

The complaint alleges that between December 2012 and March 2016, Seal visited Arkansas on more than a few occasions for business-related reasons. *Id*. ¶¶15-16, 20. He came to Pine Bluff

3

to discuss the business opportunity, to transport screws to Texas, and to pick up testing equipment. *Id.* In June 2013, Hazen came to Pine Bluff to meet with investors of Ground Connection. *Id.* ¶17. From 2011, when discussions first began between Ground Connection and Seal and Hazen, through 2016, the complaint alleges that Seal, Hazen, and other representatives of Ground Connection Technologies had extensive communications with Ground Connection.

The defendants argue that defendants Seal, Hazen, and Ground Connect lack sufficient contacts with Arkansas to warrant this Court exercising personal jurisdiction over them. They say that Ground Connect has no contacts with Arkansas and that this is evidenced by Ground Connection's lack of knowledge of its existence. All contacts that Seal and Hazen had with Arkansas, defendants say, were on behalf of Ground Connection Technologies. The defendants also say that Hazen's single visit to Arkansas is insufficient to establish personal jurisdiction. The defendants acknowledge Seal's visits to Arkansas, but they say that these are not contacts with the forum out of which the claims arise. The defendants construe the claims as arising out of their dealings with Krinner and the Texas Department of Transportation, and according to them, Seal's contacts with Arkansas are unrelated to those dealings. Ground Connection argues that the facts alleged sufficiently establish specific jurisdiction over each of the defendants.

The reach of federal district courts is limited by both subject-matter jurisdiction and personal jurisdiction. *See* U.S. Const. art. III, § 2, cl. 1; 28 U.S.C. § 1330 *et seq.*; U.S. Const. amend. XIV; *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945). Courts conduct a two-step analysis for personal jurisdiction, asking first whether the exercise of personal jurisdiction is permitted by the forum state's long-arm statute and second whether it is permitted by the due process clause of the U.S. Constitution. *See Hutson v. Fehr Bros.*, 584 F.2d 833, 835 (8th

4

Cir. 1978) (en banc). Arkansas's long-arm statute is coextensive with the constitution. Ark. Code Ann. § 16-4-101; *Davis v. St. John's Health Sys., Inc.*, 348 Ark. 17, 23, 71 S.W.3d 55, 58 (2002). Accordingly, this Court need only determine whether the exercise of jurisdiction over this defendant offends due process. *See Johnson v. Woodcock*, 444 F.3d 953, 955 (8th Cir. 2006).

Under the due process clause, the exercise of personal jurisdiction over a nonresident defendant is permissible if the defendant has established minimum contacts with the forum state "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co.*, 326 U.S. at 316, 66 S. Ct. at 158 (quotation and citations omitted). The defendant's conduct and connection with the forum state must be such that he reasonably anticipates being haled into court there. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S. Ct. 2174, 2183, 85 L. Ed. 2d 528 (1985). A defendant should reasonably anticipate such summons when the defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S. Ct. 1228, 1240, 2 L. Ed. 2d 1283 (1958) (citation omitted).

To test a defendant's contacts with a forum state, the Eighth Circuit has directed courts to consider the following five factors: (1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts; (3) the relationship of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience or inconvenience to the parties. *Aftanase v. Economy Baler Co.*, 343 F.2d 187, 197 (8th Cir. 1965). The first three factors are primary factors. *Id.* The third factor distinguishes whether jurisdiction is specific or general. *Wessels, Arnold & Henderson v. Nat'l Med. Waste, Inc.*, 65 F.3d 1427, 1432 n.4 (8th Cir. 1995). A forum exercises specific jurisdiction over a defendant in causes of action

5

arising from or related to the defendant's contacts with the forum state. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8, 104 S. Ct. 1868, 1872 n.8, 80 L. Ed.2d 404 (1984). A forum exercises general personal jurisdiction over a defendant in causes of action *not* arising out of or related to the defendant's contacts with the forum. *Id.* at n.9. Here, the alleged contacts are related to the dispute that resulted in this suit, and Ground Connection relies on specific jurisdiction only.

When a plaintiff alleges an intentional tort, as Ground Connection does, the Eighth Circuit considers the *Calder* effects test as an additional factor to the five listed above. *See Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1391 (8th Cir. 1991). Under this test, courts consider whether the nonresident defendant's tortious acts (1) were intentional, (2) were aimed at the forum state, and (3) caused harm, most of which was suffered in the forum state and which the defendant knew would be felt by the plaintiff in the forum state. *Johnson v. Arden*, 614 F.3d 785, 796 (8th Cir. 2010). Jurisdiction may be asserted over a nonresident defendant "whose acts are performed for the very purpose of having their consequences felt in the forum state." *Dakota Sportswear*, 946 F.2d at 1391 (quotations and citations omitted).

In this case, Ground Connection alleges intentional torts against the defendants. These torts are alleged to have been directed at Ground Connection, which is based in Arkansas. The conduct that serves as the basis for the tort is alleged to include deceptive and misleading communications to Ground Connection in Arkansas. The defendants construe the tortious interference claim too narrowly: it does not consist only of their dealings with Krinner and the Texas Department of Transportation. There would be no basis for the tort claim but for an antecedent business relationship, which Ground Connection alleges was established through visits to Arkansas and

6

through numerous communications with Ground Connection in Arkansas.

It is also no argument to say that Seal and Hazen's Ground Connect has no contacts with Arkansas simply because Ground Connection did not know of its existence. Tied up in, and indeed necessary to, Ground Connection's claims is the secret formation of Ground Connect to steal business it had worked to obtain. Ground Connect is alleged to have been formed in August 2013. Seal and Hazen's contacts with Arkansas after Ground Connect's formation were on behalf of Ground Connect even if they did not disclose its existence. Ground Connect's actions are the actions of its members, which included Seal and Hazen.

Moreover, a single contact can support jurisdiction if it creates a "substantial connection" with the forum. *Rudzewicz*, 471 U.S. at 475 n.18, 105 S. Ct. at 2184 n.18. An intentional tort within the forum creates a substantial connection that will support personal jurisdiction. *See, e.g.*, *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 213 (5th Cir. 1999) ("When the actual content of communications with a forum gives rise to intentional tort causes of action, this alone constitutes purposeful availment."); *Dakota Sportswear*, 946 F.2d at 1390 (drawing a distinction between negligence actions and those in which an intentional tort is alleged). In such a case the nature and quality of the contacts with the forum state, the relationship of the cause of action to the contacts, and the interest of the forum state in providing a forum for its residents all weigh in favor of the exercise of jurisdiction. *Id.* at 1391 (explaining that when an intentional tort is alleged, court still uses five-factor *Aftanase* test but considers additional factors presented by the tort).

Even if none of the claims arises out of the defendants' contacts with Arkansas, the *Calder* effects test provides jurisdiction over them. Ground Connection alleges an intentional tort, that was aimed at its business in Arkansas, and that caused harm, the brunt of which was felt by Ground

7

Connection in Arkansas. This Court has jurisdiction over the defendants.

The defendants alternatively ask this Court to abstain from exercising jurisdiction because of the Texas state court suit that is pending. Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S. Ct. 1236, 1246, 47 L. Ed. 2d 483 (1976). Before a court will abstain under the "exceptional circumstances" recognized in *Colorado River*, there must be pending parallel state and federal court proceedings. *United States v. Rice*, 605 F.3d 473, 476 (8th Cir. 2010). The defendants' suit in Texas is not strictly parallel to this one. The defendants argue that if the state court holds that they have an exclusive right to distribute and sell Krinner screws, no claims would remain in this suit. Such a holding would not dispose of each of Ground Connection's claims. The tortious interference with a business expectancy centers on the relationship between Ground Connection and Seal, Hazen, and Ground Connection Technologies. The Krinner distributorship agreements are not dispositive of that claim. Ground Connection also claims an unpaid debt that is surely independent of any determination on the distributorship agreements.

## CONCLUSION

For the foregoing reasons, the defendants' motions to dismiss are DENIED. Documents #7 and #15.

IT IS SO ORDERED this 13th day of October, 2017.

*J. Leon Holmes*
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE